IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS L. GOFF,

      Plaintiff,                             No. CIV S-10-3065 EFB P

   vs.

M. SALINAS, et al.,

      Defendants.                 ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis, a request for the appointment of counsel, and a request for leave to file an amended complaint. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

1

§ 1915(b)(1) and (2).

## II.     Request for Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

## III.    Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  *Id.* at 1950.

> The Civil Rights Act under which this action was filed provides:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim.  Plaintiff names as defendants "M. Salinas (DVI Warden)" and the "California Department of State Compensation Workers Compensation Fund."  *See* Dckt. No. 1.  He alleges he was injured on September 18, 2008 while working as a forklift operator at Deuel Vocational Institute.  Plaintiff alleges:

> I was instructed to take a food waste bin, pick it up with the forklift and dump it into a larger recepticle [sic].  Once that was done I was to take the empty bin, tilt it 35°, lock the brake on the forklift, dismount it, lift the large metal lid and secure it with a little hook of bent metal on a chain.  As I did this the wind or vibration of the forklift made the chain come undone and fall on my head.  I was hit on the left side of my head above my ear and as it came down it ripped the top [half] of my left ear off.

*Id.* § IV.  Plaintiff alleges that his boss, Fred Castilla, and the warehouse supervisor, Roy Canahan, knew that the waste bins needed to be repaired and were therefore aware of a dangerous work environment.  Plaintiff does not name Castilla or Canahan as a defendant.

1  Plaintiff alleges that part of his ear was severed and that unidentified medical staff did not
2  adequately treat his injury.  Plaintiff also claims to have sent many forms to Workers'
3  Compensation offices without ever receiving a response.  Plaintiff alleges that prison staff
4  intercepted his mail.
5      Plaintiff names only Warden Salinas and the "Workers' Compensation Fund" as
6  defendants.  However, plaintiff fails to allege how either defendant was personally involved in
7  violating his rights.  It is plaintiff's responsibility to allege facts to state a plausible claim for
8  relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).
9  Since plaintiff does not link either defendant to a deprivation of his federal rights, he cannot
10 proceed against them.
11     Moreover, there is no respondeat superior liability under § 1983.  *Palmer v. Sanderson*, 9
12 F.3d 1433, 1437-38 (9th Cir. 1993).  That is, plaintiff may not sue a supervisor, such as the
13 warden, on a theory that the supervisor is liable for the acts of his or her subordinates.  *See Polk*
14 *County v. Dodson*, 454 U.S. 312, 325 (1981).  "Because vicarious liability is inapplicable to . . .
15 § 1983 suits, a plaintiff must plead that each Government-official defendant, through the
16 official's own individual actions, has violated the Constitution."  *Iqbal*, 129 S. Ct. at 1948.  A
17 supervisor may be liable "for constitutional violations of his subordinates if the supervisor
18 participated in or directed the violations, or knew of the violations and failed to act to prevent
19 them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may also be held liable
20 if he or she implemented "a policy so deficient that the policy itself is a repudiation of
21 constitutional rights and is the moving force of the constitutional violation."  *Redman v. County*
22 *of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (internal quotations omitted).
23     To the extent plaintiff intended to name the California Division of Worker's
24 Compensation as a defendant, he is hereby informed that he is barred from holding the State of
25 California liable for the actions of a state employee.  The Eleventh Amendment shields states
26 from suit unless the state has waived its immunity.  *See Will v. Michigan Dept. of State Police*,

4

491 U.S. 58, 70 (1989). Neither a state nor its agencies is a "person" amenable to a suit for damages under 42 U.S.C. § 1983. *Id.* at 71.

Additionally, plaintiff is hereby informed that the Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To determine whether an Eighth Amendment violation has occurred, a court should consider the circumstances, nature and duration of a deprivation of these necessities. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (referring to necessities such as adequate shelter, food, clothing, sanitation, medical care, and personal safety). Further, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

To state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir. 1997) (en banc).

////
////
////
////

Any amended complaint must also adhere to the following requirements:[1]

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P.

---

[1] Because the court herein granted plaintiff leave to amend, the court will deny plaintiff's motion to file an amended complaint as moot.

6

20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

1    3. Plaintiff's November 15, 2010, request for appointment of counsel is denied.

2    4. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

6. In light of the foregoing, plaintiff's April 27, 2011 motion to amend is denied as moot.

Dated: June 3, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE