IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS L. GOFF,

        Plaintiff,                      No. CIV S-10-3065 EFB P

    vs.

M. SALINAS, et al.,

        Defendants.          <u>ORDER</u>

                                /

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint. Dckt. No. 14.

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The amended complaint names as defendants Roy Cannahan, Fred Castillo, Mr. Pacash, Lovaey, and Salinas.  Plaintiff alleges that on September 3, 2008, part of his left ear was severed when the lid to a food-waste bin that he was cleaning in the maintenance warehouse of the Deuel Vocational Institute ("DVI") fell on him.  Dckt. No. 15 ¶ 19.  He claims he reported the incident to his workplace supervisors, defendants Castilla and Cannahan, and that he put them on notice that the bin-cleaning process was dangerous and that the equipment was faulty and unstable. *Id.* ¶ 20. Defendants Castilla and Cannahan allegedly assured plaintiff that repairs would made. *Id.* ¶ 21.  Plaintiff claims that he was injured because of DVI's dangerous food waste bin-cleaning process and because the promised repairs were never made. *Id.*  Plaintiff also alleges that

1  unnamed medical staff failed to provide adequate medical care to treat his ear injury. *Id.* ¶¶ 22,
2  24-25, 32. Plaintiff also alleges that a few days later, someone told him that he would be
3  disciplined if he did not return to work, and that he returned to work despite his ear injury. *Id.*
4  ¶ 24. Plaintiff claims that his Eighth Amendment right to personal safety has been violated. *Id.*
5  ¶ 35. For the reasons stated below, the amended complaint does not state a cognizable claim for
6  relief, and should be dismissed without further leave to amend.

7       In dismissing the original complaint with leave to amend pursuant to § 1915A, the court
8  informed plaintiff of the following legal standards governing a claim for an alleged violation of
9  the Eighth Amendment. The Eighth Amendment protects prisoners from inhumane methods of
10 punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d
11 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of
12 confinement claim, and only those deprivations denying the minimal civilized measure of life's
13 necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v.*
14 *McMillian*, 503 U.S. 1, 9 (1992). To determine whether an Eighth Amendment violation has
15 occurred, a court should consider the circumstances, nature and duration of a deprivation of these
16 necessities. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (referring to necessities such as
17 adequate shelter, food, clothing, sanitation, medical care, and personal safety). Further, plaintiff
18 must allege facts sufficient to support a claim that prison officials knew of and disregarded a
19 substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847
20 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

21      In the amended complaint, plaintiff does not allege that defendants Castilla or Cannahan
22 knew of and disregarded a serious risk of harm to plaintiff at the time he was allegedly injured
23 by the lid of the food-waste bin. Rather, he alleges that he made them aware of what he
24 described as a dangerous cleaning process and faulty equipment only after he had been injured.
25 Although plaintiff claims he was made to return to work even though repairs had not been made,
26 he does not allege that it was any of the defendants who made him to return to work, nor does he

allege that he suffered any further injury upon his return to work. Thus, plaintiff again fails to allege facts showing that either defendant Castilla or Cannahan knew of and disregarded a substantial risk of serious harm to plaintiff. Because plaintiff appears unable to state a cognizable claim against defendants Castilla or Cannahan, despite an opportunity to amend, claims against these defendants are dismissed without further leave to amend.

In screening plaintiff's original complaint, the court also informed plaintiff that an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). The court also informed plaintiff that there is no respondeat superior liability under § 1983, *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993), and that plaintiff may not sue a supervisor, such as the warden, on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. A supervisor may be liable "for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (internal quotations omitted).

In the amended complaint, plaintiff alleges that defendant Pacash was the "2nd in command," that Lovaey was the "main boss" and "overseer," and that Salinas was the DVI Warden. Dckt. No. 14 ¶¶ 7-9. However, plaintiff includes no factual allegations showing how

4

any of these defendants were personally involved in violating his rights. Plaintiff has been informed that it is his responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). In his amended complaint, plaintiff still fails to link defendants Pacash, Lovaey or Salinas to a deprivation of his federal rights, and thus, appears to be unable to state a cognizable claim for relief against them. Claims against these defendants are therefore dismissed without further leave to amend.

The court previously informed plaintiff that to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir. 1997) (en banc).

In his amended complaint, plaintiff alleges he received inadequate medical care, but does not allege any causal connection between this alleged constitutional violation and any wrongful act or omission of any defendant. Plaintiff appears unable to state a cognizable Eighth Amendment claim based on deliberate indifference to his medical needs, and this claim is also dismissed without further leave to amend.

Plaintiff has failed to state a cognizable claim for relief, as he fails to state sufficient allegations showing that any of defendants' alleged actions violated his federal rights. Plaintiff has had an opportunity to amend and appears unable to allege a cognizable claim for relief. Therefore, the court will not grant plaintiff leave to file an amended complaint. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that:

1. The amended complaint is dismissed due to plaintiff's failure to state a claim upon which relief may be granted; and

2. The Clerk is directed to close the case.

Dated: April 6, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE